CC-97-730                                                                      1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| 3/0 CONSTRUCTION, S.E.<br>　　　Demandante-Peticionaria<br><br>　　　V.<br><br>MUNICIPIO DE RIO GRANDE<br><br>　　　Recurrido | Certiorari<br><br>98TSPR173 |

Número del Caso: CC-97-730

Abogados de la Parte Peticionaria: LIC. JOSE LUIS VILA PEREZ

Abogados de la Parte Recurrida: LIC. PABLOO LANDRAU PIRAZZI
(ALDARONDO & LOPEZ BRAS)

LIC. CARLOS SANTIAGO TAVAREZ

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, SALA DE CAROLINA

Juez del Tribunal de Primera Instancia: Hon. María Del Carmen Martínez
Lugo

Tribunal de circuito de Apelaciones: Circuito Regional VII, Carolina y
Fajardo

Juez Ponente: Hon. Arbona Lago

Panel integrado por su presidente, Juez Arbona Lago y los Jueces
Negroni Cintrón y Salas Soler

Fecha: 12/31/1998

Materia:


Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

3/0 Construction, S.E.

     Demandante-Peticionaria

          v.                                              CC-97-730

Municipio de Rio Grande

     Demandado-Recurrido

RESOLUCION

San Juan, Puerto Rico, a 31 de diciembre de 1998.

En el presente caso, la peticionaria 3/0 Construction, S.E., comparece ante nos y solicita que revisemos una sentencia dictada por el Tribunal de Circuito de Apelaciones el 30 de septiembre de 1997, la cual fue archivada en autos el 7 de octubre de 1997. Mediante la misma, se confirmó la sentencia dictada por la Sala de Carolina del Tribunal de Primera Instancia que condena a la peticionaria al pago de arbitrios municipales sobre la construcción de obras en terrenos bajo jurisdicción del gobierno de los Estados Unidos a base del precio total del contrato de construcción. El tribunal de instancia dictó sentencia sumaria a favor del Municipio el 19 de mayo de 1997, notificando su archivo el 27 de mayo de 1997. De tal dictamen recurrió la peticionaria mediante apelación ante Tribunal de Circuito de Apelaciones, el cual confirmó.

Inconforme, el 8 de diciembre de 1997, la peticionaria, presentó ante este Tribunal una petición de certiorari solicitando la revisión de la sentencia antes mencionada dictada por el Tribunal de Circuito de Apelaciones. El 27 de febrero de 1998, emitimos una resolución concediendo a las

partes un término simultáneo de treinta (30) días para que presentaran sus alegatos "discutiendo si aplica el término jurisdiccional de treinta (30) o sesenta (60) días para la radicación del recurso".[1]

Las partes coinciden en sus respectivas comparecencias al señalar que, en casos donde el municipio es parte, el término correspondiente para acudir vía *certiorari* ante este Tribunal es de sesenta (60) días. A esos efectos, hacen referencia a que la Regla 53.1(d)(1) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1, según enmendada, dispone lo siguiente en su parte pertinente:

> (d) Recurso de certiorari al Tribunal Supremo:
>
> [...]
>
> "En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios, alguna de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico sean parte, la solicitud de *certiorari* para revisar las sentencias en recurso de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la secretaría del Tribunal Supremo, por cualquier parte en el pleito perjudicada por la sentencia, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida."

La regla es clara al establecer un término de sesenta (60) días para la revisión de sentencias en aquellos casos en los que el Estado Libre Asociado, sus funcionarios, sus instrumentalidades o los municipios sean parte en el pleito. La única salvedad a la ampliación del término se hace con referencia a las corporaciones públicas que sólo cuentan con treinta (30) días para solicitar la revisión de las sentencias dictadas en los casos en que sean parte.

En este sentido, bien sabemos que cuando la letra de la ley es clara no hay espacio para interpretaciones y la voluntad del legislador tiene que ser respetada. Art. 14

---

[1] El recurso fue presentado dentro del término de sesenta (60) días del archivo en autos de la notificación de la sentencia recurrida.

del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; *Vázquez v. A.R.P.E.* 128 D.P.R. 513 (1991); *Pueblo v. Ortega Santiago*, 125 D.P.R. 203 (1990); *Meléndez v. Tribunal Superior*, 90 D.P.R. 656 (1964).

Ahora bien, a los fines de disipar cualquier resquicio de duda en torno a la intención del legislador al redactar esta última versión de la Regla 53.1, un vistazo a las enmiendas hechas a la misma en los pasados quince años es suficiente para sostener nuestra conclusión.

En 1986, la Asamblea Legislativa enmendó la regla a los fines de ampliar a sesenta (60) días el plazo para formalizar los recursos de revisión de sentencias en casos en que "el Estado Libre Asociado de Puerto Rico, sus funcionarios o sus instrumentalidades que no fueren corporaciones públicas sean parte". Véase Ley Núm. 142 de 18 de julio de 1986, Leyes de Puerto Rico 1986, pág. 464. Posteriormente, la referida regla fue enmendada por la Ley Núm. 108 de 7 de diciembre de 1993, con el propósito expreso de hacer extensivo a los municipios el término de sesenta (60) días para presentar las solicitudes de revisión de las sentencias dictadas por el extinto Tribunal Superior. Véase Leyes de Puerto Rico 1993, Parte I, pág. 514-515.[2]

En la Exposición de Motivos de la Ley Núm. 108, *supra,* se estableció prístinamente la intención legislativa de extender el término de treinta (30) a sesenta (60) días para la revisión de sentencias de aquellos casos en que los municipios sean parte.

> "La Ley Núm. 143 de 18 de junio de 1986, enmendó las Reglas de Procedimiento Civil para el Tribunal General de Justicia de 1979, a los fines de ampliar a sesenta (60) días el término dentro del cual deberá formalizare el recurso de revisión en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fueren una corporación pública, fueran parte.
>
> El Secretario de Justicia ha reiterado que cuando el legislador ha querido incluir en la aplicación de alguna disposición legal a los municipios lo ha hecho de forma expresa.
>
> La Asamblea Legislativa entiende que la organización gubernamental a nivel municipal está integrada por diferentes divisiones o programas y, por tal razón, cuando una reclamación judicial culmina en sentencia adversa al municipio la preparación del recurso de revisión exige, en muchos casos, la coordinación entre dependencias municipales, lo que consume tiempo adicional a sus abogados." (Enfasis suplido.) 1993 L.P.R. pág. 514.

De la cita antes transcrita inequívocamente surge que el legislador ha querido aplicarle el término de revisión apelativa de las sentencias dictadas por el Tribunal de Primera Instancia (y a raíz de la nueva Ley de la Judicatura también de las dictadas por el Tribunal de Circuito de Apelaciones) a aquellos casos en que los municipios sean parte, de la misma manera que se le aplicaba a los recursos de revisión de sentencias en aquellos casos en los que el Gobierno de Puerto Rico, sus

---

[2] En la redacción anterior las palabras "los municipios" venían precedidas por la conjunción "y" y no por la "o" como ocurre con la última versión de la regla. Esta modificación no tiene el efecto ni el propósito de variar la intención legislativa según manifestada en la Exposición de Motivos de la Ley Núm. 108, *supra.*

funcionarios, o alguna de sus instrumentalidades-que no fueren corporaciones públicas-sean parte. En este respecto, lo único que razonablemente podemos deducir del texto de la Regla 53.1 es que **el legislador solamente ha querido excluir de la ampliación de los términos de revisión a los casos en los que las corporaciones públicas sean parte.** La enmienda de 1995 fue efectuada por la Asamblea Legislativa con el propósito de armonizar las Reglas de Procedimiento Civil con las disposiciones de la Ley de la Judicatura de 1994 y no encontramos nada en la nueva redacción de la Ley Núm. 249 de 25 de diciembre de 1995, que remotamente insinúe que, en el breve período de menos de tres años que transcurrió entre la aprobación de ambas leyes, la intención del legislador hubiera cambiado a los fines de excluir a los municipios de los términos contemplados por la regla.

Por otra parte, no cabe duda que la peticionaria, 3/0 Construction S.E. se podía beneficiar del término de sesenta (60) días a los fines de presentar su solicitud de *certiorari* ante nos debido a que el texto de la Regla 53.1(d)(1) de Procedimiento Civil, *supra,* es muy claro al señalar que el término para recurrir al Tribunal Supremo en recurso de revisión de sentencias se extiende a sesenta (60) días para cualquier parte en el pleito. Véase además *Ana G. Méndez v. Consejo de Educación Superior II,* 142 D.P.R. ___ (1997); Op. de 21 de febrero de 1997, 97 J.T.S. 22. Por consiguiente la petición fue presentada oportunamente.

Atendido el problema jurisdiccional, en el ejercicio de nuestra discreción proveemos no ha lugar a la petición de certiorari presentada el 8 de diciembre de 1997.

Publíquese.

Lo acordó el Tribunal y certifica la Sub-Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente por los fundamentos que expresara en la Opinión disidente que emitiera en *Ana G. Méndez v. Consejo de Educación Superior*, Opinión y Sentencia de fecha 21 de febrero de 1997, 97 J.T.S. 22. La Juez Asociada señora Naveira de Rodón emite Voto Particular, al cual se une el Juez Asociado señor Hernández Denton.


                                        Carmen E. Cruz Rivera
                                Sub-Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

3/0 Construction, S.E.

    Demandante peticionaria

       v.                                                    CC-97-730

Municipio de Río Grande

    Demandado recurrido

Voto Particular de la Juez Asociada señora Naviera de Rodón al cual se une el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 31 de diciembre de 1998

En el caso de autos tenemos que resolver como cuestión jurisdiccional de umbral, si a los municipios les aplica el término de treinta (30) días o el de sesenta (60) para presentar un escrito de certiorari para revisar una sentencia en apelación del Tribunal de Circuito de Apelaciones (Tribunal de Circuito). Art. 3002(d)(1), Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, según enmendado, conocido por la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. secs. 22i(d)(1).

No cabe duda que la Ley Núm. 108 de 7 de diciembre de 1993, que enmendó la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, tuvo el propósito de aumentar a sesenta (60) días el término para formalizar el recurso, en aquel entonces discrecional de revisión, ante el Tribunal Supremo, en aquellos casos en que los municipios fuesen parte. Véase, además, Rivera v E.L.A., Op. de 7 de marzo de 1996, 140 D.P.R. ___(1996), 96 J.T.S. 27. En esos momentos sólo existía, como regla general, una etapa apelativa.

Mediante la Ley Núm. 108, supra, claramente se dispuso, en lo pertinente, lo siguiente:

> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública y los Municipios de Puerto Rico sean parte en un pleito, el recurso de revisión se formalizará, por cualquier parte, presentando una solicitud en la Secretaría del Tribunal Supremo dentro de los sesenta (60) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior. (Enfasis suplido.)

Ahora bien, como consecuencia de la reforma judicial de 1994 y a los fines de atemperar las reglas procesales a la nueva organización judicial, la Regla 53.1 fue enmendada el 25 diciembre de 1995 por la Ley Núm. 249. Esta revisión tuvo como propósito, entre otras cosas, el adecuar las entonces vigentes reglas procesales a la nueva estructura judicial para evitar que éstas desvirtuasen el propósito cardinal de la Reforma Judicial de 1994 de "acelerar y agilizar el trámite y la disposición de los casos" en los tribunales. El legislador, al llevar a cabo las enmiendas procesales, tomó en consideración el efecto que la creación de un tribunal apelativo intermedio tendría sobre el pronto despacho de los casos y asuntos en los tribunales. Informe Conjunto de la Cámara de Representantes, Sustitutivo al P. de la C. 1715 de 24 de octubre de 1995. Es menester puntualizar que de adoptarse la interpretación que hoy esboza la mayoría, como en la actualidad existen dos etapas apelativas, el término aplicable sería de sesenta (60) días en cada etapa, o sea, estaríamos hablando realmente de un plazo de ciento veinte (120) días, el doble del término que contemplaba la enmienda de 1993. La primera etapa sería como cuestión de derecho mediante recurso de apelación y la segunda mediante el recurso discrecional de certiorari, ante el Tribunal Supremo.

Ahora bien, en el 1995 la Ley Núm. 249, supra, en lo pertinente, enmendó la Regla 53.1(d)(1) para que leyera como sigue:

> En aquellos casos civiles en que el Estado Libre Asociado de Puerto Rico, sus funcionarios, algunas de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico sean parte, la solicitud de certiorari para revisar las sentencias en recursos de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la Secretaría del Tribunal Supremo, por cualquier parte en el pleito perjudicada por la sentencia, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida.

Como puede observarse, el lenguaje utilizado por el legislador en la Ley Núm. 249, supra, es sustancialmente distinto al de la Ley Núm. 108, supra, ya que al sustituir la conjunción "y" por la conjunción "o", cambió todo el sentido de la disposición en cuanto a los municipios. Igual ocurre con los propósitos de ambas piezas legislativas y las circunstancias estructurales de la Rama Judicial cuando entraron en vigor.

Reiteradamente hemos resuelto que al interpretar disposiciones estatutarias que han sido variadas por el legislador no podemos "imputarle a (éste) actuaciones inútiles, estériles o sin fin alguno." <u>Pueblo</u> v. <u>Pizarro Solís</u>, 129 D.P.R. 911 (1992). Tampoco podemos imputarle desconocimiento de las leyes ni presumir que la Legislatura de Puerto Rico realiza actos fútiles y sin sentido. <u>Talcott Inter-Amer. Corp.</u> v. <u>Registrador</u>, 104 D.P.R. 254, 262 (1975); <u>Flamboyán Gardens</u> v. <u>Junta de Planificación</u>, 103 D.P.R. 884, 888 (1975).

Entendemos pues, que al enmendar la Regla 53.1 de Procedimiento Civil en 1995, esto es, sustituir la conjunción "y" por la conjunción "o", el legislador, tomando en consideración los cambios sustanciales que sufrió la estructura judicial y los propósitos que motivaron la reforma, conscientemente optó por enmendar los términos concedidos a los municipios para formalizar sus recursos ante los tribunales. Estimó conveniente conceder el término más corto de treinta (30) días para que los municipios perfeccionasen sus recursos de apelación ante el Tribunal de Circuito y certiorari ante el Tribunal Supremo. De esta forma se aseguraba que, sin menoscabar los intereses de las partes, se fomentase el propósito cardinal de la reorganización judicial de 1994, de lograr la más pronta solución de los casos y asuntos en los tribunales.

Por todo lo antes expuesto, entendemos que el recurso ante nuestra consideración debe ser desestimado por falta de jurisdicción.


Miriam Naveira de Rodón
Juez Asociada